FEDERAL CREDIT CO. *v.* ZEPERNICK GROCERY CO.*

(Division A.   March 11, 1929.   Suggestion of Error Sustained April 22, 1929.)

[121 So. 114.   No. 27733.]

---

*Corpus Juris-Cyc References: Appeal and Error, 3CJ, section 705, p. 788, n. 28; 4CJ, section 2712, p. 769, n. 42; *Certiorari*, 11CJ, section 363, p. 203, n. 65; Corporations, 14aCJ, section 2925, p. 814, n. 98.

*Welch & Cooper,* for appellant.

*Shannon & Schauber,* for appellee.

SMITH, C. J. The appellant sued and obtained a judgment against the appellee in the county court, and after the time for an appeal had expired the case was removed to the circuit court by the appellee on a writ of *certiorari* under sections 90 and 91, Code of 1906 (Hemingway's 1927 Code, sections 72 and 73). The record which the clerk of the county court filed in the circuit court in response to the writ of *certiorari* includes the stenographer's transcript of the evidence introduced on the trial in the county court. A motion in the circuit court by the appellant to strike this transcript of the evidence from the record was overruled, and the circuit court then reversed the judgment of the county court and dismissed the suit. From this judgment the plaintiff in the county court has brought the case to this court. In response to a motion so to do, Division B of this court struck the stenographer's transcript of the evidence in the county court from the record. *Federal Credit Co.* v. *Zepernick Grocery Co.,* 120 So. 173.

The evidence on which the trial court acted cannot be looked to by the circuit court in a case transferred to it by writ of *certiorari,* as was set forth in the opinion of Division B on the motion to strike the stenographer's transcript from the record; but the clerk of the court

below committed no error in certifying the transcript of the evidence to this court after the court below had declined to strike it from the record. The overruling by the court below of the motion to strike the stenographer's transcript from the record, in the orderly course of procedure, should have been complained of in the appellant's assignment of error when the case came on to be heard in this court on the merits. The attention of the Division which decided the motion was not called to this fact, and it concurs in what we have here said. The same result would be reached here, however, for the reason that, had the question been raised by an assignment of error, instead of by a motion, the assignment of error would have been sustained.

Leaving this transcript of the evidence, then, out of view, the record that remains consists only of the pleadings, an instruction to the jury to find for the plaintiff marked "Given," an instruction to find for the defendant, marked "Refused," and the judgment of the court. It will not be necessary for us to determine whether the instructions are part of the record. The declaration alleges in substance that the Zepernick Grocery Company, a corporation, is indebted to the plaintiff in a certain sum on a contract made by Zepernick Grocery Company with Myer Shelby for the purchase of an automobile on the deferred payment plan, which contract had been assigned to the plaintiff for value. The briefs of counsel refer to promissory notes as the basis for the suit, but no such notes were counted on or filed with the declaration, or appear in the record. The defendant, Zepernick Grocery Company, filed what was styled a plea, alleging fraud and praying that the case be transferred to the chancery court. This plea was not answered, and the record discloses no ruling thereon. Zepernick Grocery Company also filed a special plea alleging "that at the time of the date of the alleged sale contract herein, to-wit, December 9, 1925, and for some weeks thereafter,

defendant was not a corporation, but a partnership, and prays the judgment of the court as to whether that it make any other or further plea in this behalf.'' A demurrer to this plea was overruled, and thereupon the plaintiff filed a replication to the plea, setting forth ''that the corporation Zepernick Grocery Company took over as its only assets all of the assets of the partnership Zepernick Grocery Company, and became legally liable for its debts, including the notes sued on; that the corporation assumed the liabilities of the partnership and paid or caused to be paid for it seven installments of the notes sued on, and is estopped to deny its liability, all of which plaintiff is ready to verify.'' No rejoinder to this plea was filed by the defendant.

The judgment, which is in proper form, recites that the case was tried by a jury and a verdict rendered for the plaintiff. There was no plea or affidavit denying that the contract sued on was executed by Zepernick Grocery Company, or that it was not a corporation; but leaving this fact out of view, and assuming that the plaintiff's replication admits that the contract sued on was not executed by the defendant corporation, it does allege that the corporation took over the assets of a partnership of the same name and agreed to assume the debts of the partnership. This, in the absence of a motion for a more specific statement, is sufficient to show liability on the part of the corporation.

The cause of action counted on in the rejoinder could and should have been set forth in the declaration, but no objection was made in the county court by the defendant to this method of pleading, and no objection has been or could be made thereto in this court. The pleadings support the judgment rendered, and if the instructions are properly a part of the record, as to which we express no opinion, we must assume they were justified by the evidence, and therefore the court below, instead of reversing the judgment, should have affirmed it, and

rendered a judgment for the plaintiff, Federal Credit Company, against the defendant, Zepernick Grocery Company, and its bondsmen, for the amount of the judgment rendered in the county court, interest, and costs. The judgment of the circuit court will be reversed, and the judgment which the circuit court should have rendered will be rendered here.

Reversed, and judgment for the appellant.

*Reversed.*