YAZOO & M. V. R. Co. *v.* MISSISSIPPI RAILROAD COMMISSION.

(Division A. Feb. 12, 1934.)

[152 So. 649. No. 30837.]

132

May, Sanders, McLaurin & Byrd, of Jackson, and Chas. N. Burch, H. D. Minor and C. H. McKay, all of Memphis, Tennessee, for appellant.

J. Morgan Stevens, of Jackson, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

The appellee, Mississippi Railroad Commission, granted the Motor Transportation Company, Inc., a certificate of convenience and necessity under section 7120, Code 1930, for the operation of a motor transportation line from Jacksn, Mississippi, to Meridian, Mississippi, over highway No. 80. The appellant, a railroad company, operating between the two cities, appeared at the hearing, objected to the granting of the certificate, and requested the commission to grant it an appeal therefrom, which request was never acted on by the commission. Thereafter the appellant obtained a writ of certiorari from the judge of the court below directing the commission to certify the record in the case to that court. When the cause came on to be heard in the court below, the Motor Transportation Company filed a motion to quash the writ of certiorari; and the court, after examining the record, including the transcript of the evidence heard by the Railroad Commission which had been included in the commission's return to the writ, rendered a judgment, reciting: "That there is no error of law arising or appearing on the face of the record and proceedings and that motion to quash the writ of certiorari should be sustained. It is therefore, considered by the court, that the writ of certiorari, issued by this court to review the order of the Mississippi Railroad Commission herein, be and the same is hereby quashed, and the order of said Commission appealed from is hereby affirmed."

The petition for the writ of certiorari does not point out any error of law appearing on the face of the record proper, and there is no contention in this court that such appears; the appellant's contention being simply that it appears from the transcript of the evidence on which the commission acted that the certificate should not have been granted—in other words, that the commission wrongly

decided a question of fact presented by the evidence. The transcript of the evidence was no part of the record proper and should not have been examined by the court below; sections 72 and 73, Code 1930, confining its examination to "questions of law arising or appearing on the face of the record and proceedings." The word "proceedings" includes only such as must appear of record, and does not include the evidence on which the inferior tribunal acted. Federal Credit Co. v. Zepernick Grocery Co., 153 Miss. 489, 120 So. 173, and Id., 153 Miss. 494, 121 So. 114.

The cases relied on by the appellant are Robinson v. Mhoon, 68 Miss. 712, 9 So. 887, and Gulf & S. I. R. Co. v. Adams, 85 Miss. 772, 38 So. 348, 349. The writ in the first of these cases was not for the purpose of review under the statute now appearing as section 72, Code 1930, but to obtain the record in a case in which an appeal to the court granting the writ had been perfected. Shapleigh Hardware Co. v. Brumfield, 159 Miss. 175, 130 So. 98, 132 So. 93. In the second, the court simply held that "a mistaken finding of fact induced by an error of law apparent upon the record, the finding of a fact contrary to law, or the making of an order beyond the cognizance and power of the commission, can and will be corrected by the superior courts, in the exercise of their supervisory and corrective power, through the writ of certiorari." It did not hold that the court could look to the evidence on which the commission acted; in fact, none such was before the court. But, be that as it may, Federal Credit Co. v. Zepernick Grocery Company controls here.

But it is said by counsel for the appellant that section 7125, Code 1930, contemplates a review of the facts on which the Railroad Commission acts. This may be true when the case comes to the reviewing court by regular appeal, but, when it comes thereto by way of a writ of

certiorari, under sections 72 and 73, Code 1930, those sections govern.

The motion to quash the writ was unnecessary. but the right result was here reached.

Affirmed.