MORRIS *et al. v.* CITY OF COLUMBIA.

(Division A.  Feb. 6, 1939.)

[186 So. 292.  No. 33413.]

**R. H. Dale,** of Columbia, for appellants.

Hall & Hall, of Columbia, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

Morris owns a vacant lot in the City of Columbia in the same block and fronting the same street as does a public school. He placed thereon a lot of building material for the purpose of erecting a house and a gasoline filling station, of both of which he intends to put Williamson in possession, who will operate the filling station and a café in the building. The city sued out an injunction against both Morris and Williamson restraining both of them from constructing the building and filling station and Williamson from operating the filling station and café. On final hearing, this injunction was made perpetual. The grounds on which the injunction was sought

are: (1) That the construction of this building and filling station violates the city's zoning ordinance; and (2) That Williamson is a bootlegger (of intoxicating liquor) and a syphilitic. The court below heard the case on bill answer to proof and held that the zoning ordinance was void, but that Williamson was both a bootlegger and a syphilitic, and sustained the injunction on that ground.

Municipal zoning ordinances are authorized by Section 2474 et seq., Code 1930. Section 2475 provides for the division of a municipality into districts and that: "within such districts it may regulate and restrict the erection, construction, reconstruction, alteration, repair or use of buildings, structures or land." Section 2476 provides that: "Such regulations shall be made in accordance with a comprehensive plan, and designed to lessen congestion in the streets;" etc. Section 2477 provides that: "no such regulation, restriction or boundary shall become effective until after a public hearing, in relation thereto, at which parties in interest, and citizens, shall have an opportunity to be heard. At least fifteen days' notice of the time and place of such hearing shall be published in an official paper, or a paper of general circulation, in such municipality."

Pursuant to a resolution therefor adopted at its regular June 1936 meeting, the board of mayor and aldermen of the City of Columbia published a notice to the public setting forth its intention to adopt a zoning ordinance and setting Monday, June 22, 1936, at 7:30 P. M. as the time for hearing expressions of opinion from citizens of the municipality thereon. No one appeared pursuant to this notice and the board at the time set forth therein adopted a resolution so reciting and instructed the city attorney "to draft a Standard Zoning Ordinance and submit same to the Mayor and Board of Aldermen for their approval or disapproval at their regular July 1936 meeting." No further action thereon was taken

by the board until September 2, 1937, when a zoning ordinance, the one here invoked, was adopted.

The sections of the code hereinbefore referred to require the governing authorities of a municipality, before publishing notice to the citizens of their intention to adopt a zoning ordinance, to adopt a comprehensive plan therefor setting forth either specifically or substantially (which we are not here called on to decide) the character of the zoning ordinance which they intend to adopt so that the citizens may know exactly what is intended to be done and be able to express an intelligent opinion thereon. This was not here done before June 22, 1936, not until the ordinance itself was thereafter adopted. Consequently, the zoning ordinance is void.

That Williamson is a bootlegger and a syphilitic does not bar Morris from erecting this building and filling station, although his purpose is to put Williamson in possession thereof; nor do the same facts bar Williamson from the possession of the premises and conducting a filling station and café thereon; nor does their proximity to the public school so do. Should Williamson hereafter sell intoxicating liquors at this place, a different question will be presented.

Paragraph XI of the bill of complaint is as follows: "Complainant further alleges that the said Jackie Williamson is now infected and suffering with the disease of Syphilis and it is his purpose and intention to operate a lunch counter upon said premises and to sell sandwiches and other food products and beverages therein, and particularly to sell and dispense the same to the school children of said city, as well as to the general public, and to handle and dispense the same personally, and if the erection of said building continues, and if the said Jackie Williamson is permitted to operate said business, there is great danger that the said school children, as well as the general public, might be exposed to the said disease of Syphilis, with which the said Jackie Williamson is now suffering, and might thereby be caused to be

infected with said dangerous disease, and the health of said children and of the general public will thereby be seriously endangered." On these allegations the question arises as to whether Williamson can be enjoined from personally dispensing food and drink in the proposed café. These allegations were denied by Williamson in the following language: "This defendant specifically denies each and every allegation in Paragraph XI of said bill of complaint . . . ." Section 380, Code 1930, provides: "The defendant shall answer fully all the allegations of the bill without being specially interrogated. All matters of fact averred in the bill and not denied by the answer otherwise than by the general traverse, may be taken at the hearing as admitted." Griffith's Chancery Practice, Secs. 348, et seq. Williamson's denial of the allegations of paragraph XI of the bill of complaint do not meet the requirements of this section, and therefore the allegations stood as admitted in the court below. We judicially know that at certain stages of the disease and under some circumstances, syphilis may be transmitted from one having it to another by personal contact with him or by such other coming in personal contact with articles recently handled by the syphilitic. A prima facie case is therefore presented as to Williamson being a syphilitic and of the consequence here to flow therefrom. Whether his condition, if he in fact has syphilis, is now such as to cause such danger to arise, is within his own knowledge or may be ascertained by a test for syphilis, to which he, if he so desires, may submit himself. This feature of the case was not passed on in the court below, it not being necessary under its decree so to do. The decree of the court below will be reversed, the preliminary injunction will be dissolved and the bill dismissed as to Morris and also as to Williamson except in so far as it seeks to restrain him from personally dispensing food and drink at his proposed café; and the case will be remanded to the court below for the determination of that question.

On return of the case to the court below, if it should then appear that Williamson is suffering from syphilis at such a stage thereof that would probably result in his communicating it to the patrons of his proposed café by his personally dispensing food and drink to them, he should be enjoined from so doing unless it should be made to appear that the State Board of Health has a valid regulation covering the situation, has the facilities to enforce it and will so do if called on therefor. Should this appear, the bill of complaint should be wholly dismissed without prejudice to the appellee's right to again apply for the injunction in event the State Board of Health cannot and will not act effectually.

We express no opinion on objections made by Williamson to evidence introduced by the appellee as they may not arise on another trial.

Reversed, bill dismissed in part and remanded.