SHERMAN *v.* STEWART.

Feb. 16, 1953

No. 38634          20 Adv. S. 14          62 So. 2d 876

*A. K. Edwards,* for appellant.

*J. Ed Franklin* and *Lamar F. Easterling,* also for appellant.

552

*R. C. Russell* and *Billy C. Little*, for appellee.

Roberds, P. J.

Stewart Company, a corporation, as plaintiff below, by its declaration herein, claimed that Sherman, the appellant, was indebted to it in the sum of $833.21. It was alleged this indebtedness consisted of two accounts—one, called the store account, was for merchandise sold and delivered Sherman in the amount of $116.39, and the other, called the garage account, consisted of work done upon and parts furnished for motor vehicles operated

by Sherman, in the amount of $616.82. Both accounts were itemized and were supported by an affidavit as to their correctness.

Sherman answered. He denies he was indebted to Stewart. He listed the charged items which he said were incorrect and were not owing by him, supporting his denial by proper affidavit. He also said he had sold and delivered to Stewart lumber aggregating $301.95, for which Stewart had agreed, but had failed, to give him credit on his account. The denied items, plus the price of the lumber, amounted to more than the claim of plaintiff.

In addition to this, Sherman asserted that a dispute existed as to the correctness of the account and the amount, if any, he owed Stewart; that this was a matter of disagreement and discussion between them, and that it was agreed that he, Sherman, would pay the sum of $200.00 in full settlement of his indebtedness to Stewart and that on October 27, 1951, he did pay that sum in full accord and satisfaction of the debt.

Stewart denied Sherman had sold it any lumber, and denied any settlement was had between them.

That was the state of the issues when the case came on for trial. At this stage plaintiff made a motion to strike defendant's list of denied items and the supporting affidavit. The court sustained that motion. Appellant says that was reversible error. The trial was limited by the instructions to the issue of accord and satisfaction. Verdict and judgment were entered for Stewart for $833.21, the full amount for which suit was brought.

We do not know the reason prompting the action of the trial judge as above shown. Denial of certain charged items and of the entire claimed indebtedness and accord and satisfaction could be pleaded together. Section 1477, Code 1942, permitted the following pleas to be filed together: "The general issue, denial of debt or contract sued on, tender in whole or in part, statute of limitations,

set-off, plene administravit, infancy, payment, accord
and satisfaction, release, not guilty, a denial of plain-
tiff's property in the thing injured, leave and license,
son assault demesne, performance, jurisdiction in libel,
slander and other actions, and any other pleas which by
law are allowed to be pleaded together.'' That section
was repealed by Chapter 230, General Laws of Miss.
1948. ██ That statute abolished separate pleas there-
tofore permitted in the circuit court and requires these to
be embodied in an answer. But it also provides that ''. . .
the answer may state as many defenses, whether con-
sistent or not and whether heretofore made by plea in
abatement or plea in bar, as in law or in fact, the defend-
ant may have to the declaration or to any material part
or parts thereof.'' Thus it is seen a plea denying the
debt, in whole or in part, of set-off and of accord and sat-
isfaction can be pleaded together.

██ Said Chapter 230 also provides that if matter
which heretofore could constitute a plea be set up in such
a manner as to be ''clearly distinct and readily separable
and go to the entire cause of action,'' it may be separ-
ately heard and disposed of before the principal trial of
the cause, in the discretion of the court. But that was not
the action taken by the court. The adopted procedure
did not leave to be tried the issue whether the itemized
denied items were owing by the defendant. The court
struck that defense from the case. The issue of accord
and satisfaction was decided against Sherman. He then
had the right to have the other issues raised by his pleas
passed upon. Section 1, said Chapter 230, provides,
''And if the defendant fail to sustain the matter of the
plea so heard, upon which matter, after motion made, he
shall have the burden both as to the law and the facts,
he shall nevertheless then have the right to go on to trial
upon his answer as a whole.''

Also, defendant was denied the right to produce evi-
dence to sustain his denial that plaintiff had sold and
delivered him the various items appearing in the item-

ized statement of charges of Stewart against him. The following instruction was given the jury: "The court further instructs the jury for plaintiff, The Stewart Company, that the sole question involved in this suit is whether or not the Stewart Company agreed and did accept the $200.00 check in full payment of a $833.21 account, and unless the defendant, L. W. Sherman, Jr., has proven to your satisfaction by a preponderance of the evidence, that Mrs. Stewart and her son did accept the $200.00 check in full payment of this account, then in that event it will be your sworn duty to find for the plaintiff, the Stewart Company, for the amount sued for which is $833.21." That instruction told the jury defendant owed the plaintiff $833.21, and unless plaintiff accepted the $200.00 payment in full satisfaction and settlement of that amount, it would find for the plaintiff.

Even though only the issue of accord and satisfaction was being tried, yet the true amount owing by defendant was an important relevant fact bearing upon whether plaintiff would accept and defendant would pay $200.00 in settlement of the amount owing. For instance, if that was only $250.00, say, and especially if part of that was in dispute, a jury naturally would more readily find the payment was in settlement of the amount owing by defendant, than it would find that payment of $200.00 was in full settlement of $833.21. In other words, testimony as to the amount owing was competent on the issue of accord and satisfaction. That being true, it would have been better to have submitted for one trial all the issues made under the pleadings in this case, although the question of separate trials is a question largely, if not entirely, within the discretion of the trial judge. Section 1, Chapter 230, Laws of Miss. 1948; Christopher v. Brown, 211 Miss. 322, 51 So. 2d 579.

Reversed and remanded.

*Kyle, Holmes, Arrington* and *Ethridge, JJ.,* concur.