MATHIS *v.* GREAT SOUTHERN WIREBOUND BOX COMPANY.

No. 41324          January 11, 1960          116 So. 2d 813

*W. M. Broome,* Crystal Springs, for appellant.

*Henley; Jones & Henley,* Hazlehurst, for appellee.

LEE, J.

C. D. Mathis appealed from a judgment in the sum of $4,126.56, rendered by the Circuit Court of Copiah

County against him and in favor of the plaintiff, Great Southern Wirebound Box Company, a corporation.

Suit was filed on December 12, 1957. In its declaration, the plaintiff alleged that the defendant had theretofore purchased goods, wares and merchandise from it, and, on September 10, 1957, was indebted to it in the sum of $3,347.20, for which amount, on that date, he executed to it his promissory note, payable on or before thirty days after the date thereof; that the note provided for interest at the rate of 6% per annum, and reasonable attorneys fees of not less than 15% of the principal and interest; and that "A true photostatic copy of said note is attached hereto as Exhibit 'A,' and it is desired that the same be considered a part hereof, as fully as if copied in full herein." The several items of principal, interest and attorneys fees of 15%, and the several amounts thereof were particularly specified, and judgment for the aggregate amount was demanded.

The defendant, in his answer, admitted "that he executed a promissory note but cannot ascertain whether the photostat copy of a note attached to plaintiff's Declaration is a true copy of the note. allegedly executed by the defendant and for that reason denies that said photostat copy is a true copy of the note executed by defendant." He also denied "that he has failed and refused to pay said note or any part thereof; and denies that he is indebted to the plaintiff in the sum of $3,-347.20; and denies that he owes the plaintiff an attorney fee of $509.78; and denies that he is indebted to the plaintiff in any sum or sums whatsoever." His prayer was for the dismissal of the cause at the cost of the plaintiff.

The plaintiff moved to strike the answer and for the entry of a judgment by default because the answer was indefinite and uncertain, it did not state any defense or the precise nature thereof, and it did not in fact deny the execution of the note on which suit was brought.

At the hearing of the above motion, on November 10, 1958, the court sustained the same, but granted the defendant until November 17, 1958, in which to file an amended or further answer, if he desired to do so. However, the defendant failed, neglected and declined to make further answer to the declaration, and, on November 18, 1958, the court entered a final judgment by default in the total sum of $4,126.56.

The appellant assigned and argues here that the striking of the answer and the entry of the judgment was contrary to the law; that he should have been allowed to go to trial on the issues raised by his answer; and that, since the court was in error in both of the foregoing respects, it should have sustained his subsequent motion to set aside the judgment.

There are seven paragraphs in the declaration. The defendant admitted the allegations of paragraphs 1 and 2, as to the identity of the parties; but he made no express denial of the other paragraphs by reference to the same as such.

It will be seen, by reference to the quoted portions of the answer as set out above, that the defendant admitted that he executed a note, but he did not know whether the exhibit was a copy of the same. But he neither set out the contents and tenor of the note, which he admitted that he executed, nor did he point out in any way the difference between that note and the photostatic copy of the note sued on. Simply because he did not know, as he said, whether the exhibited photostatic copy was a true copy of the note, which he executed, the defendant "for that reason denies that said photostat copy is a true copy of the note executed by defendant."

Paragraph 2 (a), Section 1475.5, Code of 1942 Recompiled, provides as follows: "The defendant shall answer fully all the allegations of declaration without being specially interrogated. All matters of fact averred in the declaration and not denied by the answer may

be taken at the hearing as admitted. A denial by the defendant by reference to a designated paragraph shall be deemed a sufficient denial of the allegations of that paragraph except such as are specifically admitted.''

■■ ■ It is manifest that the answer did not conform to the above provision of the statute. Obviously it constituted evasive pleading. The defendant either did, or did not, execute the note. If there was a discrepancy between the note which he admittedly executed and the exhibited photostatic copy, he should have pointed it out. The meaning and effect of the answer was simply this: While I admit that I executed a note, I am not certain that the exhibit is a true copy of the same. Consequently, for that reason, I will say that the photostatic copy is not a true copy of the note which I executed, and I will therefore deny that I owe it. If there was uncertainty in his mind as to the tenor and effect of the original note, this could have been clarified. The defendant made a motion to require the production of certain invoices and books of account, but he did not ask for the production of the original note. Besides, in his answer, he did not even claim that he had paid the note, which, admittedly he had executed to the plaintiff. Moreover, he merely denied that he was indebted to the plaintiff, but in no way attempted to point out why he was not so indebted, or when and in what manner he paid the note, which he executed.

In Christopher v. Brown, 211 Miss. 322, 51 So. 2d 579, the efficacy of Section 1475.5, supra, as a means of expediting trials in the circuit court, was recognized, and it was said that the statute ''requires that all defenses shall be stated in the answer.'' See also the Home Insurance Company v. Watts, 229 Miss. 735, 91 So. 2d 722.

There is great similarity between Section 1291, Code of 1942 Recompiled, as to pleading in the chancery court, and Section 1475.5, supra. As to the meaning of the

former section in regard to the effect, the important qualities, and the requirements of fullness and certainty for answers, see Griffith's Mississippi Chancery Practice, 2d Ed., Sections 348-50, pp. 333-6, and Section 353, pp. 338-9. Cf. Metcalfe v. Wise, 159 Miss. 54, 132 So. 102; Morris v. City of Columbia, 184 Miss. 342, 186 So. 292.

In Royal Bank of Canada v. Williams, 222 N. Y. S. 425, the three agreements, allegedly signed by the defendant, were annexed to the complaint. The defendant denied any knowledge or information sufficient to form a belief as to the allegations that the agreements were made, executed and signed by the defendant. The opinion said that "Such denials were properly stricken out as frivolous," and that the facts were "presumptively within the knowledge of the defendant." See also Weiss v. Uchitelle, 46 N. Y. S. 2d 289; Bartlett Estate Company v. Fraser, 105 Pac. 130 and Jansen v. Bryant, 199 Pac. 542, California cases.

In Dahlstrom v. Gemunder, 92 N. E. 106, a New York case, the suit was based on a breach of warranty of a violin purchased from the defendant as the agent of one Hey. The defendant answered that a similar suit had been filed against his principal, and a judgment thereon was obtained and satisfied. The response thereto was as follows: "Plaintiff has no knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 (the one in question) of the answer, and therefore denies the same." The opinion said: "This was not a sufficient or honest denial under the Code of the allegations in the answer." The opinion pointed out two methods of procedure in such a case, namely, to strike out the offending pleading as a sham, or to treat it as frivolous and award relief accordingly.

By Paragraph 3, Section 1475.5, supra, the specific remedy to test the sufficiency of an answer is by motion to strike. That paragraph is as follows: "If an

answer be deemed insufficient in law a plaintiff may, at such time as the court may allow, test the legal sufficiency of the same, or of any part thereof, by a motion to strike out. If found insufficient but amendable the court may allow an amendment on just terms, and if not amendable may strike out in whole or in part. In imposing terms the court shall avoid so far as possible any unnecessary delays in the final hearing of the cause.''

Since the answer was insufficient, as pointed out above, the action of the court in striking the same was correct; and when the defendant declined to make further answer, the court properly granted a default judgment, as there was then no adversary pleading before the court.

The allegations of the declaration set out the several amounts of principal and interest, together with attorneys fees of 15%—the minimum fees provided for in the note. Since the plaintiff demanded only the minimum attorneys fees, it was unnecessary to submit the reasonableness of such an amount to the jury.

From which it follows that this cause must be, and is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Kyle* and *Holmes, JJ.,* concur.