PARISH *v.* LUMBERMEN'S MUTUAL CASUALTY COMPANY.

No. 42038 November 20, 1961 134 So. 2d 488

*Lawrence D. Arrington,* Hattiesburg, for appellant.

*Gray & Montague,* Hattiesburg, for appellee.

LEE, P. J.

This is a suit by Lumbermen's Mutual Casualty Company, an insurance corporation, to recover the $5,000 principal, interest and an attorney's fee, of a note, allegedly executed to it on October 12, 1953, by D. J. Parish. The maturity date was thirty days after the maturity, or payment in full, of a note made by D. J. Parish to John Evans Hardware Company, dated October 1, 1953. The declaration alleged that default had been made in the payment of both notes.

D. J. Parish filed his motion to abate and dismiss the cause on the ground that, on October 13, 1958, he had

been adjudged a bankrupt by the United States District Court of the proper division, and he attached thereto a copy of his discharge, as a voluntary bankrupt.

In its response to this motion, the plaintiff replied that the note, sued on, arose under an obligation represented by the defendant's fiduciary bond to John Evans Hardware Company on which the plaintiff was surety, and under which plaintiff was required to pay the sum of $5,000 because of a shortage in the account of Parish, as shown by an attached copy of the proof of loss on file in the bankruptcy proceeding. It also made profert of a copy of its release and assignment thereunder and pled that, under Section 35 (a) (4) U. S. C. A., of the bankruptcy act, such debt was not released by the adjudication in bankruptcy.

Subsequently the defendant filed an answer and affirmative defense in which, among other things, he said: "Defendant admits however that his signature was fraudulently obtained to some instrument in connection with this cause but that he is not certain as to whether or not the attached promissory note is the instrument he signed under threats, undue influence and coercion to avoid unwarranted prosecution of a certain charge of embezzlement then pending against defendant in the Circuit Court of the Second Judicial District of Jones County, Mississippi." He merely denied that the notes to the Hardware Company and to plaintiff were in default, but he in no way pled payment or satisfaction. He also said: "That defendant was forced to sign his name to the instrument referred to herein, or a similar instrument, by coercion, undue influence and threats of prosecution." This pleading was not sworn to.

The motion to dismiss was heard and considered separately and was overruled.

The plaintiff then filed its motion for a bill of particulars to require the defendant to be specific as to the threats, undue influence, coercion, etc., in connection

with his alleged signing of the note. This motion was sustained and the defendant was ordered to ''designate, or admit or deny, specifically the execution of the promissory note sued on in this cause, and that said defendant specify as to whether said threats, undue influence and coercion, threats of coercion, threats of prosecution and fraudulent means, all as alleged, occurred in connection with the promissory note sued on in this cause.'' Answer was required within thirty days.

In his tendered bill of particulars, sworn to and filed June 13, 1960, Parish stated that he was forced to sign a note in the sum of $5,000 while he was confined in Laurel General Hospital, with pneumonia, in September 1953, under the advice of his attorney, at a time when David B. Moffet and Harvey Reeves were threatening his prosecution for embezzlement unless he did so; and ''that he executed the note herein referred to at a time when the prosecuting witnesses, David B. Moffet and Harvey Reeves knew that they would not testify against respondent and in any embezzlement charge, and that after said note was executed and after respondent was indicted, said indictment was. dismissed on recommendation of District Attorney, who, after being advised that the prosecution witnesses desired no prosecution on the said embezzlement charge against respondent. And now, having fully answered plaintiff's motion for a bill of particulars, respondent herewith submits same to the court.''

The plaintiff then filed its motion to strike the answer and bill of particulars because (1) it was not filed within thirty days after the date of the order; (2) it was insufficient in law to constitute a defense; and (3) the defendant had ratified and waived threats of criminal prosecution by his declaration and acknowledgment of the debt here sued on in the bankruptcy proceedings.

The motion to strike was sustained. The defendant declined to plead further, and, a writ of inquiry having

determined that $250 was a reasonable attorney's fee, final judgment was entered against the defendant in the principal sum of $5,000, plus an attorney's fee of $250, plus interest at the rate of six percent per annum from October 12, 1953, aggregating a total of $7,355.81.

From the judgment entered Parish appealed without supersedeas.

The debt of the defendant, evidenced by his note of $5,000 to the plaintiff, was created by reason of his alleged embezzlement, misappropriation, or defalcation while acting as an officer and in a fiduciary capacity for the John Evans Hardware Company, as a result of which the plaintiff, the surety on his bond to the hardware company, was required to pay the sum of $5,000. The defendant's obvious purpose was to repay and indemnify the plaintiff. Hence he executed the note on which this suit was based.

 ■ Section 35 (a) (4), 11 U. S. C. A., the National Bankruptcy Act, Debts not affected by a discharge, supra, provides as follows: "(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as * * * (4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity * * *"

Consequently, the defendant, by his voluntary bankruptcy proceeding, did not effect his discharge from the original debt.

In the defendant's first pleading, he was not certain that he had signed the note in question. His later pleading is susceptible of a denial that he signed the note. He gave, as his reason therefor, that he was sick in the hospital, and that David B. Moffet and Harvey Reeves fraudulently coerced him into signing a note under threats of a criminal prosecution. However, he nowhere charged that these parties were agents of, or in collusion with, the plaintiff; nor did he plead that the plain-

tiff had either actual or constructive notice of such threats or coercion; nor did he plead that such threats were committed with the knowledge or consent of the plaintiff.

██ ██ In 17A Am. Jur., Duress and Undue Influence, Section 21, p. 585, it is said in part: "The great weight of authority is to the effect that the validity of a contract is not affected by the fact that its execution was induced by duress practiced by a stranger thereto, where such duress was not committed with the knowledge or consent of the obligee. In other words, duress exercised by a third person does not affect the rights of an obligee who does not participate therein." This general rule has been applied to notes. See p. 586 thereof. See also 17 C. J. S., Contracts, Sec. 178, p. 537, where the rule is succinctly stated as follows: "To be available for avoidance of a contract duress must have been imposed on the promissor either by the promisee or by a third person with his actual or constructive knowledge." This Court said in Salitan v. Horn, 212 Miss. 794, 55 So. 2d 444, that fraud is never presumed; "but must be directly and specifically charged and clearly proven." Under the above authorities, obviously the defendant failed to state any defense to this note.

██ ██ Section 1475.5, Code of 1942, Recompiled, requires the defendant to answer fully all of the allegations of the declaration. He must set forth, in his answer, any affirmative matter in avoidance, which he expects to prove as a defense. ██ ██ The proper way to test the sufficiency of the alleged defense is by motion to strike. See Mathis v. Great Southern Wirebound Box Company, 238 Miss. 1, 116 So. 2d 813.

Consequently the judgment of the trial court must be affirmed.

Affirmed.

*Arrington, Ethridge, McElroy* and *Rodgers, JJ.,* concur.