PATTERSON, Justice.
From a judgment of $2500 awarded by the Circuit Court of the First Judicial District of Hinds County, Mississippi, the defendant appeals. This judgment was pursuant to a declaration alleging negligence, an answer thereto, and evidence taken thereon in open court. The gravamen of the declaration is that the defendant, by constructing a roadway adjacent to plaintiffs’ residence, negligently made large excavations and negligently operated heavily-loaded earth-moving vehicles at a rapid rate of speed in close proximity to plaintiffs’ home. As a result “the connections in various parts *351 of the home were pulled apart. Many cracks were caused to appear in the woodwork and the brickwork of the home” for which damages were sought.
Appellant assigns as error, among other things: (1) that the declaration filed in this cause failed to state a cause of action against the defendant; (2) that the judgment entered pursuant to the jury verdict was contrary to the overwhelming weight of the evidence; and (3) that the court erred in instructing the jury on behalf of the plaintiffs.
We are of the opinion the first assignment of error is not well taken because the defendant did not demur to the declaration, he did not object to the evidence, and he challenges the sufficiency of the declaration for the first time on appeal. This Court has repeatedly held that where the method of pleading is not objected to in the trial court, such objection will not be considered in the Supreme Court. Christopher v. Brown, 211 Miss. 322, 51 So.2d 579 (1951); Alexander v. Carsley, 199 Miss. 881, 25 So.2d 709 (1946); and Federal Credit Co. v. Zepernick Grocery Co., 153 Miss. 494, 121 So. 114 (1929).
The second assignment of error is likewise not well taken. A review of the record indicates there was sufficient evidence adduced to present an issue of fact for the jury’s determination.
The third assignment of error is directed to the following instruction:
The Court instructs the Jury that when the Defendant Construction Company undertook to construct the Highway adjacent to Plaintiffs’ property and undertook to disturb the ground adjacent to Plaintiffs’ property and operated earth moving machines adjacent to Plaintiffs’ property, it then became the duty of the Defendant to take reasonable precautions to avoid injury to Plaintiffs’ property. The Court therefore, instructs you that if you believe from a preponderance of the evidence in the case that the Defendant was negligent in the manner and way in which it performed its work adjacent to Plaintiffs’ property and you believe that such negligence, if any, proximately caused or proximately contributed to damage to Plaintiffs’ property, then the Court instructs you that it is your sworn duty to return a verdict for the Plaintiffs.
The appellant contends that this instruction lacks the degree of specificity required by the decisions of this Court in that the use of the word “negligence” is too general and fails to furnish a guide for the jury’s determination of what acts or omissions constitute defendant’s negligence. We are constrained to agree and reverse the case. This instruction has been condemned by this Court on innumerable occasions with perhaps the most cogent opinion in regard thereto being expressed in Rawlings v. Royals, 214 Miss. 335, 340, 58 So.2d 820, 822 (1952), wherein we stated:
* * * This instruction , is clearly erroneous for the reason that it would allow the jury to find negligence without giving any guide as to what acts or omissions within the pleadings and proof are sufficient to constitute actionable negligence. It simply turned the jury loose to grope in the darkness without any light to guide them as to what would or would not be negligence. Such an instruction has been condemned by this Court on so many different occasions * * *
See also the recent cases of Merchants Co. v. Hutchinson, 186 So.2d 760 (Miss.1966); Gore v. Patrick, 246 Miss. 715, 150 So.2d 169 (1963); Tynes v. McLendon, 235 Miss. 336, 108 So.2d 716 (1959); and the numerous cases to the same effect cited therein.
We have examined the remaining instructions granted in the cause and none of them, either individually or collectively, cures this defect, thus literally leaving the jury groping in the dark as to what specific *352 acts or omissions constituted actionable negligence. This was error.
Reversed and remanded.
ETHRIDGE, C. J., and RODGERS, BRADY and SMITH, JJ., concur.