# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CT-00019-SCT

*CITIZENS FOR EQUAL PROPERTY RIGHTS, AN UNINCORPORATED ASSOCIATION*

*v.*

*BOARD OF SUPERVISORS OF LOWNDES COUNTY, MISSISSIPPI*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 12/07/95 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GARY S. GOODWIN |
| ATTORNEY FOR APPELLEE: | J. TYSON GRAHAM |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED; REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION- 1/14/99. |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/99 |

**EN BANC.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. This case arises from the conflict engendered by a zoning ordinance involving economic and patriotic incentives on one hand and the desire to be free of restrictions on one's private property on the other. The Lowndes County Board of Supervisors adopted a zoning ordinance in an effort to help keep the Columbus Air Force Base open. Property owners in that area argue that the ordinance was adopted in violation of the applicable statutes and their due process rights. The Court of Appeals found that the applicable statutes were sufficiently followed so that the property owners received the required notice, but the circuit court failed to address the fundamental question of whether the zoning ordinance amounted to a taking of private property, and remanded the case for a determination of this question as to each property owner. We granted certiorari on this question of first impression, and after due consideration find that the judgment of

the Court of Appeals should be affirmed.

**I**.

¶2. At its March 11, 1994 meeting the Lowndes County Board of Supervisors established an Airport Zoning Commission Board ("Zoning Commission"). The Zoning Commission was established for the purpose of evaluating the need for zoning regulations to limit the development of property in the flight path of aircraft using the Columbus Air Force Base ("CAFB"). At that time another round of military base closures was scheduled to take place and it was believed that enactment of a zoning ordinance for the property around CAFB would be a factor in favor of keeping CAFB open. The Zoning Commission was charged with making factual findings regarding the need for zoning regulation, including conducting public hearings to allow comments from Lowndes County residents.

¶3. After its organizational meeting the Zoning Commission held four additional meetings, all of which were open to the public. During the course of its four public meetings the Zoning Commission entertained comments from citizens regarding their concerns about zoning regulation in the CAFB area. At its final meeting on June 15, 1994, the Zoning Commission voted to recommend to the Board of Supervisors that zoning regulations restricting the development of property in the flight path of aircraft using CAFB be adopted. The geographic areas in which the Zoning Commission recommended limiting development were the same as those previously identified in a Department of the Air Force "Air Installation Compatible Use Zone" report ("AICUZ") concerning CAFB.

¶4. On August 1, 1994, the Lowndes County Board of Supervisors held a public hearing to consider the zoning ordinance recommended by the Zoning Commission. After receiving public comment the Board of Supervisors took the matter under advisement. At its next regular meeting, on August 15, 1994, the Board of Supervisors adopted the Columbus Air Force Base Air Installation Compatible Use Zoning Ordinance ("Zoning Ordinance"). The property owners affected by the Zoning Ordinance, Citizens for Equal Property Rights ("CEPR"), appealed the adoption of the Zoning Ordinance to the Lowndes County Circuit Court.

¶5. By decision entered on December 7, 1995, the circuit court found first that the Board of Supervisors and the Zoning Commission were in "substantial compliance" with procedural requisites for adoption of a zoning ordinance and therefore the Zoning Ordinance was "declared to be validly adopted." The circuit court next found that restricted use of the property in question mandated by the Zoning Ordinance "without compensation, may result in a taking of or damage to real property prohibited by the United States Constitution as well as the Mississippi Constitution." The circuit court noted that the Board of Supervisors had failed to make any finding as to the possible damage suffered by each property owner. The circuit court remanded the matter to the Board of Supervisors, ordering that

> [t]he Board shall hold an evidentiary hearing with respect to each parcel of land proposed to be affected by the ordinance with the proper notice to each owner. At this hearing the Board shall fully determine the zoning for each parcel to be affected. Next the Board shall by evidence determine whether or not the property owners' real property has been affected to such extent that application of the ordinance would affect a taking of or damage to the land under the applicable federal and state legal standards. Should the Board find a taking of or damage to the land as defined by the Mississippi or United States Constitution would occur, then the Board shall, either by purchase, grant or condemnation as required by law, compensate the land owners for same prior to enforcement of the ordinance. Should the Board find no taking will occur, and the land owners take exception to such

finding, the land owner will have a statutory right to appeal that decision or file an action for inverse condemnation and other relief, or both, as the facts may warrant.

The circuit court stayed enforcement of the Zoning Ordinance until the Board of Supervisors had complied with its ruling.

¶6. CEPR's appeal from the circuit court's ruling was assigned to the Court of Appeals. The Court of Appeals agreed with the circuit court that the Zoning Commission complied with the Open Meetings Act; that the Zoning Commission was in compliance with reporting and public hearing requirements of Miss. Code Ann. § 61-7-13 and that the Board of Supervisors voted on the Zoning Ordinance in compliance with Miss Code Ann. § 61-7-11; and that Board of Supervisors had found that an airport hazard existed before they adopted the Zoning Ordinance as required by Miss. Code Ann. § 61-7-7. The Court of Appeals disagreed with the circuit court on the taking issue, finding that the circuit court should have decided the question instead of remanding the matter to the Board of Supervisors. The Court of Appeals ordered the matter remanded to the circuit court so that it could decide this matter, by separate trials if necessary.

## II.

¶7. CEPR first argues that the Zoning Commission failed to comply with the requirements of the Open Meetings Act. The Court of Appeals found that (1) the Open Meetings Act was applicable to the Zoning Commission; (2) there was not strict adherence to the Open Meetings Act; (3) there was substantial compliance with the Open Meetings Act, which was sufficient in the absence of prejudice resulting from the lack of compliance.

¶8. CEPR specifically cites Miss. Code Ann. § 25-41-11 (1991), which states in part:

> Minutes shall be kept of all meetings of a public body, whether in open or executive session, showing the members present and absent; the date, time and place of the meeting; an accurate recording of any final actions taken at such meeting; and a record, by individual member, of any votes taken; and any other information that the public body requests be included or reflected in the minutes. The minutes shall be recorded within a reasonable time not to exceed thirty (30) days after recess or adjournment and shall be open to public inspection during regular business hours.

¶9. CEPR alleges that the minutes of the first meeting of the Zoning Commission, held on April 14, 1994, and all subsequent meetings were not recorded within thirty days. CEPR states that these minutes were recorded by the Board of Supervisors on June 24, 1994. CEPR next alleges that the minutes of the April 28, 1994 meeting show that the Open Meetings Act was not complied with as to earlier meetings. Third, CEPR alleges that the Zoning Commission failed to follow § 25-41-13(2), and failed to "spread upon its minutes the times and places and the procedures by which all of its meetings are to be held."

¶10. As to the first allegation, the minutes and recommendations of the Zoning Commission, which met on April 14, April 28, May 12, May 20 and June 15,1994, were accepted and made part of the Board of Supervisors' minutes in its June 24, 1994 meeting.

¶11. As to the second allegation, in the April 28 meeting a Mr. Holtman asked about minutes to the earlier meeting, and there is no answer in the minutes to Mr. Holtman's question. As to the third allegation, the Zoning Commission did not, at its first regular or special meeting, "spread upon its minutes the times and

places and the procedures by which all of its meetings are to be held."

¶12. CEPR argues that strict compliance is required as to notice and hearings for adoption of ordinances. However, in *Shipman v. North Panola Consolidated School District*, 641 So.2d 1106 (Miss. 1994), this Court stated that failure to comply with the Open Meetings Act did not make actions taken at the meeting in question a nullity. There was some mention at one of the meetings that CEPR had attempted to obtain relief in the chancery court concerning these violations, as provided in the Open Meetings Act, but no orders from any chancery court were made a part of this record. Under these circumstances we find no reversible error on this issue.

### III.

¶13. Next CEPR argues that the requirements of Miss. Code Ann. § 61-7-13 (1996) were not followed. Section 61-7-13 states:

> Prior to the initial zoning of any airport hazard area under this chapter, the political subdivision or joint airport zoning board which is to adopt the regulations shall appoint a commission, to be known as the airport zoning commission, to recommend the boundaries of the various zones to be established and the regulations to be adopted therefor. Such commission shall make a preliminary report and hold public hearings thereon before submitting its final report, and the legislative body of the political subdivision or the joint airport zoning board shall not hold its public hearings or take other action until it has received the final report of such commission. Where a city plan commission or comprehensive zoning commission already exists, it may be appointed as the airport zoning commission.

The statute requires that the Zoning Commission recommend boundaries and regulations in the proposed zoning ordinance; make a preliminary report; hold public hearings thereon; and submit a final report to the Board of Supervisors. The Zoning Commission in this case made recommendations and held several public hearings. The Board of Supervisors accepted the Zoning Commission's recommendations and minutes. The record does not show that the Zoning Commission produced a document amounting to a preliminary report or final report. The Court of Appeals found that § 61-7-13 was not clear as to the form of the required reports, and the intent of the statute had been complied with.

¶14. CEPR also alleges that the zoning ordinance was adopted without the requisite finding, under § 61-7-7, that an airport hazard existed in the area in question. Section 61-7-7(1) (1996) states in part:

> In order to prevent the creation or establishment of airport hazards, every political subdivision having an airport hazard within its territorial limits may adopt, administer, and enforce under the police power and in the manner and upon the conditions prescribed in this chapter, airport zoning regulations for such airport hazard area.

An airport hazard "means any structure or tree or use of land which obstructs the airspace required for the flight of aircraft in landing or taking-off at any airport or is otherwise hazardous to such landing or taking-off of aircraft." Miss. Code Ann. § 61-7-3(2)(1996). There was no explicit finding by the Board of Supervisors that such a hazard existed. Section 101 of the Zoning Ordinance provides:

> The purpose of this ordinance is to preserve and promote the public health, public safety, and general welfare of the inhabitants of Lowndes County, Mississippi, by controlling the creation or establishment of airport hazards and the elimination, removal, alteration, mitigation, or marking and lighting of

existing airport hazards.

The Court of Appeals found that Section 101 was sufficient proof that an airport hazard existed.

¶15. This Court stated the following in *City of Jackson v. Freeman-Howie, Inc.*, 239 Miss. 84, 94, 121 So.2d 120, 124 (1960):

> A zoning ordinance, to be valid, must be pursuant to, and in substantial conformity with, the zoning statute authorizing it. It is invalid to the extent of its inconsistency with the statute. The statutory methods of amendment must be followed.

CEPR cites several cases for the proposition that zoning requirements must be construed literally and strictly. *See Gatlin v. Cook*, 380 So.2d 236 (Miss. 1980)(city council could not remand petition to rezone to planning board absent statutory authority); *City of Carthage v. Walters*, 375 So.2d 228 (Miss. 1979)(zoning ordinance was not effective until six years after adoption because of failure to publish in newspaper as required by statute); *Morris v. City of Columbia*, 184 Miss. 342, 186 So. 292 (1939)(failure to comply with requirement of adoption of comprehensive plan of zoning before publishing notice of intention of adoption of zoning ordinance rendered subsequently adopted zoning ordinance void). On the other hand, this Court has also stated that mere procedural irregularities will not invalidate a zoning law unless there has been a "substantial failure to conform to the law's formalities . . . ." *Luter v. Oakhurst Assocs., Ltd.*, 529 So.2d 889, 894 (Miss. 1988).

¶16. Strict compliance with statutory requirements is always the best course; however, we find that there has not been a substantial failure to conform to the zoning prerequisites as mandated by the statutes in question. The area to be zoned as well as the level of restriction proposed in the Zoning Ordinance was a matter of public record at the early stages of this controversy. We further find that § 61-7-7 does not contemplate that every existing airport zoning hazard in the affected area be identified before such an ordinance may be adopted. This issue is without merit.

## IV.

¶17. Finally CEPR argues that the Court of Appeal's decision is in conflict with this Court's decision in *Jackson Municipal Airport Authority v. Evans*, 191 So.2d 126 (Miss. 1966). In 1959 the City of Jackson adopted an airport zoning ordinance. Subsequently the City alleged that property owners had allowed fifteen trees to grow beyond the maximum height allowed in the zoned area. The City filed suit, asking that the property owners be ordered to top or remove the offending trees. The chancery court found in favor of the property owners. This Court affirmed, finding that the City and the Airport Authority,

> under the guise of a perhaps otherwise valid zoning order have so interfered with and restricted the use and enjoyment of Defendant-Appellees' private property as to constitute a taking or damaging thereof for public use without due compensation being first made as required in Section 17 of the Constitution of the State of Mississippi.

*Evans*, 191 So.2d at 133. The Court specifically noted in *Evans* that the validity of the zoning ordinance in question was not at issue. We find that *Evans* is not applicable, as it is in a different procedural posture than this case, and there is no proof in this record as to any alleged specific instance of an action amounting to a taking.

¶18. CEPR argues that the Court of Appeals should have decided the taking issue as this Court did in *Evans* instead sending of the matter back to the circuit court for trials, which, as CEPR states, "was in the nature of an appellate proceeding." This question was presented to the circuit court, acting in this case as an appellate court. *See **Woodland Hills Conservation Ass'n v. City of Jackson***, 443 So.2d 1173 (Miss. 1983)(zoning power is generally legislative with judicial review restricted). The circuit court stated that the ordinance *may* have resulted in a taking, but the Board of Supervisors failed to make such a finding. We find that the circuit court's role as an appellate court in this type of case must be viewed in light of Miss. Code Ann. § 61-7-25, which states in part:

> In any case in which airport zoning regulations adopted under this chapter, although generally reasonable, are held by a court to interfere with the use or enjoyment of a particular structure or parcel of land to such an extent, or to be so onerous in their application to such a structure or parcel of land, as to constitute a taking or deprivation of that property in violation of the constitution of this state or the Constitution of the United States, such holding shall not affect the application of such regulations to other structures and parcels of land.

Section 61-7-25 (1996) contemplates a parcel by parcel determination of whether a taking has occurred, as the Court of Appeals's decision would allow. The results of the Court of Appeals opinion is correct. However, we find that a different procedure should be applied. Section 61-7-25 requires that the decision on taking be made by a court. We find that the Court of Appeals's decision to remand this matter to the circuit court for decision comports with the requirements of § 61-7-25. On remand the circuit court is instructed to conduct a hearing to determine whether a taking has occurred. If the circuit court finds that a taking has occurred, as to any of the properties affected by the Zoning Ordinance, then Lowndes County may invoke the acquisition procedures authorized under Miss. Code Ann. § 61-7-29 (1996) "as may be necessary to effectuate the purposes of this chapter." The judgment of the Court of Appeals is affirmed.

**¶19. THE JUDGMENT OF THE COURT OF APPEALS IS AFFIRMED. REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, ROBERTS, MILLS AND WALLER, JJ., CONCUR. PRATHER, C.J., NOT PARTICIPATING.**