SALITAN, et al. *v.* HORN, et al.

Division A. Dec. 17, 1951.

No. 38141 (55 So. (2d) 444)

Henley, Jones & Woodliff, for appellants.

**L. D. Pittman**, for appellees.

798

**Lee, J.**

This was a suit by S. S. Salitan and David Little, doing business as Credit Industrial Company, against J. B. Horn and E. H. Butler, doing business as Raleigh Feed & Seed Company, to recover the value of five negotiable instruments, in the form of trade acceptances, aggregating $687.80 with six percent interest thereon after maturity. There was a jury verdict for the defendants, and the plaintiffs appeal.

The declaration alleged that the Raleigh Feed and Seed Company, on May 6, 1949, became indebted to Sterling Materials Company, Inc., and executed and delivered the trade acceptances in question; that promptly there-

after, Sterling Materials Company, Inc., endorsed and negotiated the acceptances to the plaintiffs for a valuable consideration; and that the plaintiffs became the holders, in due course, of said instruments, in good faith, and prior to the maturity thereof.

The answer admitted the execution of the instruments, but pled that they were without consideration; that they were transferred after maturity; and that they were obtained by fraud. The allegations of fraud were to this effect: An agent of the Materials Company called on E. H. Butler and entered into an agreement whereby Butler was to act as agent for the company in the sale of roofing; that, if Butler would allow the company to deliver to him $687.80 of roofing, and would furnish the names of 200 prospective customers, the Company would write such customers, and within five weeks, would send a salesman to call on them; that Butler would merely deliver the roofing and collect therefor, after the salesman had sold it; that enough roofing would be sold to pay the acceptances prior to their maturity; and that Butler furnished the names, but the company failed to send the salesman.

On the trial, to make out their case, the plaintiffs introduced the five trade acceptances in evidence. They were in the nature of drafts, due and payable on the 15th day of each month from August 15 to December 15, 1949, inclusive, drawn by Sterling Materials Company, Inc., and accepted by Raleigh Feed and Seed Company, by E. H. Butler. In each instance, they contained the following provision: "The transaction which gives rise to this instrument is the purchase of goods by the acceptor from the drawer." On the back of each was endorsed Sterling Materials Company, Inc. After introduction of this evidence, the plaintiffs rested.

Over the objection of the plaintiffs, E. H. Butler testified that he had a verbal agreement with the agent of the materials company to put the roofing in stock; that he was to send 200 names of prospective customers, and the

company was to write them; that within five weeks the company was to send a salesman to contact these prospects and sell the roofing; that his firm was to deliver the roofing, collect for it, and pay the notes as they became due; and that he sent the names, but the company never sent a salesman.

At the close of the evidence, plaintiffs moved to exclude the evidence introduced by the defendants, and that the jury be instructed to find a verdict for the plaintiffs, which motion was overruled.

According to the allegations of the declaration, plaintiffs were holders in due course. Section 93, Code of 1942. And "every holder is deemed prima facie to be a holder in due course * * *", subject to the limitation that if the negotiator's title was defective, the holder must prove that he, or his predecessor in title, acquired the title as holder in due course. Section 98, Code of 1942.

In the case of Emanuel & Barnett v. White, 34 Miss. 56, this Court said: "* * * the holder of negotiable paper is presumed to be a bona fide holder for valuable consideration, until something be shown in disparagement of his title; and he is not bound to show that he has given value for the paper, or that he took it before maturity, until the adverse party has shown the want, or failure, or illegality of the consideration, or that it was lost or stolen from the rightful holder, or that the holder came to the possession of it fraudulently. Possession of the paper duly indorsed, prima facie implies title, which casts the burden on the other party, to show that he is not entitled to recover upon it." The above announcement was reaffirmed in Merchants & Farmers Bank v. Bank of Winona, 106 Miss. 471, 64 So. 210. See also Miss. Valley Trust Co. v. Brewer, 151 Miss. 170, 117 So. 540.

Fraud, of course, renders title defective. Section 96, Code of 1942. However, it is never presumed; but must be directly and specifically charged and clearly proven. Co-Operative Oil Co. v. Greenwood Agency Co.,

148 Miss. 536, 114 So. 397; Metropolitan Life Ins. Co. v. Hall, 152 Miss. 413, 118 So. 826; 37 C. J. S., Fraud, Sec. 78, p. 370.

██ The fraud here claimed was that the materials company did not live up to its promise, made simultaneously with the execution and delivery of the acceptances, to send a salesman within five weeks to contact and sell prospective purchasers. No provision to that effect was inserted in the written instruments. On the contrary, such promise was inconsistent with the provision therein which has been quoted above, and, to that extent, attempts to vary the terms of the written instruments.

The promise was to do an act in the future. The representation related neither to a past nor presently existing fact. There was no misrepresentation of the facts at the time of making the contract—all that can be said is that there was a promise in respect to it. Such circumstances do not warrant exoneration from liability.

In disallowing as a defense an oral promise to reduce the indebtedness, if the contract was renewed, in McArthur v. Fillingame, 184 Miss. 869, 186 So. 828, 829, this Court said: "* * * ██ *fraudulent representations* upon which a party may predicate any demand for relief *must relate to past or presently existing facts, as facts, and cannot consist of promises,* except in some cases when a contractual promise is made with the present undisclosed intention of not performing it. See numerous cases cited 26 C. J., pp. 1087, 1088, and Mississippi Power Co. v. Bennett, 173 Miss. 109, 129, 161 So. 301. But the mere fact that a promise was broken is not in itself sufficient proof that the promisor so intended at the time made, for this would be, in practical effect, to convert the exception into the general rule. Mid-Continent Life Insurance Co. v. Pendleton, Tex. Civ. App., 202 S. W. 769, 771, and authorities therein cited. There was no misrepresentation of facts at the time of the renewal of the contract, but at most a promise in respect to it." (Emphasis supplied)

The above announcement is in line with the general rule that "fraud cannot be predicated upon statements which are promissory in their nature when made and which relate to future actions or conduct, upon the mere failure to perform a promise—nonperformance of a contractual obligation—or upon failure to fulfill an agreement to do something at a future time, * * *". 23 Am. Jur. 799, 800. The reason for such rule is that "a mere promise to perform an act in the future is not, in a legal sense, a representation, and that a mere failure to perform it does not change its character." 23 Am. Jur. 801. Obviously a promise to do something in the future can not be true or false at the time made. See also Annotation, 51 A. L. R. 49-60, 37 C. J. S. Fraud, Sec. 11, p. 231.

The allegations and proof were insufficient to establish fraud. The roofing was actually received, and such fact disposes of the plea that the acceptances were without consideration. And there was no proof whatever that such acceptances were transferred after maturity. Thus, the appellees wholly failed to prove that the title of the appellants was defective. In that situation, the appellants' prima facie case was not met, and they were entitled to a directed verdict.

The judgment of the lower court is therefore reversed, and a judgment will be entered for the appellants here for the full amount sued for,. together with interest.

Reversed and judgment here for appellants.