SALITAN, et al. *v.* FORD, et al.

No. 40529          October 7, 1957          97 So. 2d 232

*R. H. & J. H. Thompson,* Jackson, for appellants.

*O. O. Weathersby,* Raleigh, for appellees.

McGehee, C. J.

The above named appellants are partners doing business as Credit Industrial Company of New York City, and they filed this suit against the appellees J. T. Ford, Jr., and D. W. Ford, doing business under the partnership name of Ford Brothers Equipment Company at Taylorsville, in Smith County, Mississippi. The suit is on five promissory notes dated October 4, 1949, the first two of which are for the sum of $175.00 each and due February 1 and March 1, 1950, respectively, and payable to the order of Credit Industrial Corporation, the original transferee and holder in due course of certain trade acceptances signed by the appellees and accepted by them, and which had been originally executed and delivered by the appellees to Sterling Materials Company, Inc., of New York City, and assigned by it to the Credit

Industrial Corporation of New York, the predecessor of the Credit Industrial Company, a partnership composed of Samuel S. Salitan and David Little as aforesaid. And the last three of the said five promissory notes, bearing the same date, and being for the sum of $137.60 each, payable April 1, May 1, and June 1, 1950, respectively, to the order of the Credit Industrial Corporation, the assets of which became the property of the said partnership of Credit Industrial Company on June 1, 1949. Neither of the said promissory notes nor any part thereof had been paid at the time of the filing of this suit.

The defendants successfully defended the suit in the trial court on the ground that the trade acceptances in renewal of which the promissory notes were given were obtained from them by the Sterling Materials Company, Inc., when certain agents of the said corporation called upon them at their place of business at Taylorsville, Mississippi, and entered into an agreement with them whereby the defendants were to act as agents of the said Sterling Materials Company, Inc., by assisting the said company in the sale of roofing; that the agents represented to the defendants that if they would allow said corporation to deliver to them $937.80 worth of roofing, and would furnish to them the names of 150 prospective customers, the said corporation would send a letter to each of such prospective customers advertising the roofing and would then within 5 weeks thereafter send a salesman to call on the 150 prospective customers in an effort to sell the roofing, and that the only thing the defendants would have to do would be to deliver the roofing and collect the money; that the said agents of the Sterling Materials Company, Inc., further represented to the defendants that the said corporation had an office in the City of Jackson, Mississippi, and would send a man from their Jackson office to assist the defendants in the sale of the said roofing at any time the defendants needed advice or assistance; and that relying upon this false representa-

tion the defendants signed the trade acceptances, which they would not have signed if they had not believed they were dealing with a company which had an office in Mississippi and which could be easily contacted.

The defendants then affirmatively alleged that they carried out all of the conditions as agreed upon, but that the Sterling Materials Company failed to carry out its part of the said agreement; and that the said corporation did not intend to carry out the agreement at the time it was made, but made these false representations in order to cheat and defraud the defendants. The roofing was duly delivered to the defendants but was later returned by them to Sterling Materials Company, but the defendants did not plead in either their answer or amended answer an accord and satisfaction on account thereof, even though one of the defendants as a witness on their behalf testified that the roofing was returned in settlement of the indebtedness represented by the trade acceptances.

The defendants then alleged in their amended answer that they executed and delivered to the plaintiffs the five promissory notes involved in this suit upon the same terms, agreements and representations as were had with reference to the trade acceptances, and that the plaintiffs made the same false representations and promises as did Sterling Materials Company, Inc., with the same intentions in mind, and that the plaintiffs failed to carry out the agreement exactly as the Sterling Materials Company failed to carry out their agreement.

The plaintiffs introduced in support of their case the deposition of Samuel S. Salitan who testified that the plaintiffs purchased the first two trade acceptances of $175.00 each on May 9, 1949; that in fact there were three of them in that amount due on the 15th day of July, August and September, 1949, respectively, but that the first of them was paid in October of that year before the five promissory notes herein sued on were executed. They purchased the three remaining acceptances

on July 5, 1949, which were due on the 15th day of October, November and December, 1949, respectively. Thus it will be seen that all five of the unpaid trade acceptances were purchased by the plaintiffs on May 9, 1949, before the maturity of either of them, since the first three, one of which was paid as aforesaid, did not become due until the 15th day of July, August and September, 1949, as aforesaid, and the latter three in the sum of $137.60 did not become due until the 15th day of October, November and December, 1949, respectively; and that therefore the plaintiffs were the holders in due course of the five unpaid trade acceptances at the time of the execution of the five promissory notes herein sued on, which were dated October 4, 1949, and were in renewal of the indebtedness represented by the trade acceptances. Samuel S. Salitan so testified, and further that he handled the entire transaction for the plaintiffs and that he knew nothing of the alleged defenses asserted by the defendants at the time the said trade acceptances were purchased in good faith and for value and before maturity.

Mr. J. T. Ford in testifying on behalf of the defendants claimed that Mr. Samuel S. Salitan telephoned to him from New York City a short time before May 9, 1949, advising the defendants that the "notes" they had signed, or one of them, was due. The witness obviously had reference to the trade acceptances, because the promissory notes sued on were not executed until October 1949, as shown on the face of the notes. Moreover, the proof shows without dispute that the first of the trade acceptances was not due until July 15, 1949, and it was later paid prior to the execution of the notes on October 4, 1949. The witness Salitan further testified that no notice or knowledge of any dispute between the defendants and the Sterling Materials Company, Inc., was possessed by the plaintiffs at the time they purchased the trade acceptances on May 9, 1949, and on July 5, 1949, three of them having been purchased on the former date and

three on the latter, and further testified that neither the plaintiffs nor any one authorized so to do on their behalf made any promises to carry out any agreement that may have been made by the Sterling Materials Company, Inc., either on or prior to the purchase by the plaintiffs of the trade acceptances or on or prior to their receipt of the promissory notes from the defendants.

The defenses interposed by the defendants were in all essential particulars held to be unavailable as against a third party in the case of Salitan, et al v. Horne, et al, 212 Miss. 794, 55 So. 2d 444, except that in the instant case the defendants made the further defense that the Sterling Materials Company, Inc., represented to the defendants at the time of the purchase of the roofing and at the time of the execution of the trade acceptances that the said corporation was authorized to do business in the State of Mississippi and had an office at Jackson. And that the plaintiffs made the same representations before the promissory notes were signed as to the status of the payee therein. But the witness Mr. Ford was unable to identify the agent or representative of the plaintiffs whom he claims made such representations to him. The plaintiffs had constituted a partnership from and after June 1, 1949, long prior to the execution of the promissory notes herein sued on.

Moreover, the defendants had knowledge of all their defenses in regard to any promises made by either the Sterling Materials Company, Inc., or by the plaintiffs, at the time they executed the promissory notes in renewal of the trade acceptances and were bound by thir execution of the renewal notes. Tallahatchie Home Bank v. Aldridge, 169 Miss. 597, 153 So. 819, and Gay, et al v. First National Bank, 172 Miss. 681, 160 So. 904.

The only representation relating to a past or presently existing fact (and which would not apply to a mere promise) was that claimed to have been made by the plaintiffs at the time of the execution of the notes

to the effect that it was qualified to do business in this State. Every individual, domestic or foreign partnership is qualified to do business in this State without going through the formalities necessary to the qualification of a foreign corporation to do business in this State.

█ █ █ The testimony on behalf of the defendant is too vague, indefinite and contradictory to constitute sufficient proof that the plaintiffs made any false representation at any time subsequent to June 1, 1949, when they became a partnership, that they were a corporation and qualified to do business in this state.

The witness Mr. Ford did not deny the testimony of Mr. Salitan to the effect that the latter received the notes in New York State by messenger or by mail.

Mr. Salitan testified that he paid for the trade acceptances by check on May 9, 1949, and July 5, 1949, which was before the maturity of any of the five trade acceptances for which the renewal notes were given in October 1949.

█ █ We are therefore of the opinion that the plaintiffs were entitled to the peremptory instruction for a verdict in their behalf as requested. It is therefore unnecessary for us to consider any of the contentions that some of the remaining instructions were erroneous. It follows that the judgment in favor of the defendants should be reversed and a judgment entered here for the plaintiffs for the full amount sued for with legal interest thereon from the date of maturity of the notes respectively.

Reversed and judgment here for appellants.

*Hall, Kyle, Holmes* and *Gillespie, JJ.*, concur.