**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA.,**
Plaintiff,

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, et al.,**
Defendants.

Civ. A. No. 93–2471–GTV.

United States District Court,
D. Kansas.

May 17, 1995.

Richard D. Rhyne, Charles H. Stitt, Charles M. Thomas, Kenton E. Snow, Julie Keith Athey, Paula E. Hosler, Craft, Fridkin & Rhyne, Kansas City, MO, for Nat. Union Fire Ins. Co. of Pittsburg, PA.

Charles A. Getto, Douglas M. Greenwald, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Eugene J. Comey, David R. Boyd, Katherine Connor Linton, Paul S. Rosenzweig, Comey, Boyd & Luskin, Washington, DC, for F.D.I.C.

Richard D. Ralls, John W. McClelland, Christine L. Schlomann, King, Burke, Hershey, Farchmin & Schlomann, Kansas City, MO, for Midland Bank of Kansas.

Marilyn P. Dunn, Teresa A. Woody, Spencer, Fane, Britt & Browne, Kansas City, MO, Richard D. Ralls, John W. McClelland, Christine L. Schlomann, King, Burke, Hershey, Farchmin & Schlomann, John N.

Badgerow, Spencer, Fane, Britt & Browne, Overland Park, KS, Shawn E. DeGraff, Charles D. Lawhorn, David L. Polsley, Lawhorn, Simpson & Polsey, Kansas City, KS, for Country Hill Bank, Country Hill Bancshares, Inc.

## MEMORANDUM AND ORDER

VAN BEBBER, Chief Judge.

This case came on for hearing before the court on May 16, 1994, at which time the court ruled on the following motions:

(1) Motion by plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), for summary judgment, and in the alternative for sanctions, and for continuance of the trial (Doc. 150);

(2) Motion by defendants Country Hill Bank and Country Hill Bancshares, Inc. (jointly "Country Hill") for a stay of the Magistrate Judge's order dated March 30, 1995 (Doc. 165);

(3) Country Hill's motion to review the Magistrate Judge's order dated March 30, 1995 or, in the alternative, to dismiss, strike, or vacate third-party claims filed by National Union (Doc. 166); and

(4) Joint motion of National Union and Country Hill to amend the scheduling order with respect to dispositive motions (Doc. 178).

National Union issued a bond insuring three banks against losses caused by fraudulent or dishonest acts of the banks' employees. The bond was in effect from July 1, 1992 to July 1, 1993. Country Hill Bank asserted a claim under the bond, alleging losses caused by a former director and majority shareholder of the bank's holding company. In this declaratory judgment action National Union seeks rescission of the bond on the grounds that the banks made material representations. Alternatively, National Union seeks a declaration that the losses claimed by the bank are not covered by the bond. Country Hill filed a counterclaim seeking a declaration that its claimed losses are covered.

During the hearing held on May 16, 1995, the court heard argument on National Union's motion for summary judgment, and in

the alternative for sanctions, and for continuance of trial. For the reasons stated on the record, the motion is denied.

The court also heard argument on Country Hill's motion to review the magistrate's order, and in the alternative to dismiss, strike, or vacate the third party claims filed by National Union. On March 30, 1995, Magistrate Judge Rushfelt granted National Union's motion for leave to file a third-party complaint, pursuant to Fed.R.Civ.P. 14. National Union's third-party complaint, filed on March 31, 1995, alleges that National Union has subrogation rights which allows it to recover from 24 named individuals and entities any amounts which it may in the future be required to pay to Country Hill under the terms of the bond. The third-party defendants allegedly colluded with Country Hill's former director in committing alleged wrongdoing against the bank.

■ The parties agree that the substantive legal issues are governed by Kansas state law. Under Kansas law, a fidelity bond such as the one involved in this case is a contract of insurance and not a suretyship. Consequently, an insurer has no right of subrogation to assert until it has paid a claim or has had judgment entered against it for payment. *First Hays Banshares, Inc. v. Kansas Bankers Surety Co.*, 244 Kan. 576, 583, 769 P.2d 1184, 1188 (1989); *Burke v. Schroth*, 4 Kan.App.2d 13, 16–17, 601 P.2d 1172, 1175 (1979). In this case, National Union has made no payments under the terms of the bond. However, Rule 14(a) authorizes impleader of a party "who is *or may be* liable" for all or part of the plaintiff's claim. Fed.R.Civ.P. 14(a) (emphasis added). National Union contends that this provision entitles a defendant to implead a third party even though the defendant's substantive cause of action has not yet accrued.

■ Country Hill argues that National Union's claims against the third-party defendants will *never* accrue because the statute of limitations has expired. An insurer claiming the right of subrogation stands in the shoes of its insured. Because the right of subrogation is purely derivative, it is lost if the tort statute of limitations has run against the insured. *Burke*, 4 Kan.App.2d at 17, 601

P.2d at 1175. In this case, Country Hill contends that while the limitations period for subrogation claims against the third-party defendants may not have run at the time the third-party complaint was filed, the limitations period has now expired. Because National Union's subrogation claims have not yet accrued, Country Hill argues that National Union will *never* be able to assert those claims against the third-party defendants.

■ After considering the relevant case law and excellent arguments of counsel, the court concludes that Rule 14(a) permits National Union to bring its subrogation claims against the third-party defendants even though under Kansas substantive law those claims have not yet accrued. It is true that Rule 14(a) is solely a procedural mechanism and does not affect the substantive rights of the parties. *In re Dep't of Energy Stripper Well Exemption Litig.*, 752 F.Supp. 1534, 1536 (D.Kan.1990). For this reason, a defendant must have a viable claim under the applicable substantive law in order to implead third-party defendants. *See Southern Mortgage Co. v. O'Dom*, 699 F.Supp. 1223, 1225–26 (S.D.Miss.1987) (dismissing third-party complaint which stated no basis for recovery under substantive law). However, this does not preclude impleader of a party against whom a cause of action has not yet accrued. *See Community Fed. Sav. & Loan Ass'n v. Transamerica Ins. Co.*, 559 F.Supp. 536, 537 (E.D.Mo.1983) (permitting third-party complaint based on subrogation even though defendant had not yet paid out on plaintiff's demand and subrogation cause of action had not yet accrued). Thus, the fact that National Union's subrogation claims have not yet accrued does not bar filing of the third-party complaint.

The court is not persuaded that the statute of limitations will prevent National Union from ever recovering on its subrogation claims. As long as the third-party complaint was filed within the limitations period the running of the statute may be tolled. The fact that an independent subrogation claim could not have been brought within the limitations period does not create a conflict with

Kansas substantive law. Rule 14(a) merely provides a procedural method for acceleration of National Union's claims against the third-party defendants. Once the rights between National Union and Country Hill are determined, the Kansas substantive law will determine whether any recovery is possible against the third-party defendants.

For these reasons, the court affirms the March 30, 1995, order of Magistrate Judge Rushfelt.

Impleading the third-party defendants will require that the current scheduling order and deadlines be set aside. The joint motion to amend the scheduling order with respect to dispositive motion will therefore be denied as moot. The court hereby withdraws reference of this case to the magistrate judge and will hold a further scheduling conference when the report of the Fed.R.Civ.P. 26(f) conference with the third-party defendants has been received. National Union is responsible for insuring that the Rule 26(f) conference is conducted in a timely manner. Ongoing discovery between National Union and Country Hill will not be stayed.

IT IS, THEREFORE, BY THE COURT ORDERED that National Union's motion for summary judgment, and in the alternative for sanctions, and for continuance of trial (Doc. 150) is denied.

IT IS FURTHER ORDERED that Country Hill's motion to review the Magistrate Judge's order dated March 30, 1995 or, in the alternative, to dismiss, strike, or vacate third-party claims filed by National Union (Doc. 166) is denied.

IT IS FURTHER ORDERED that Country Hill's motion for a stay of the Magistrate Judge's order dated March 30, 1995 (Doc. 165) is denied.

IT IS FURTHER ORDERED that the current scheduling order and deadlines are set aside and the case is removed from the trial calendar.

IT IS FURTHER ORDERED that the joint motion of National Union and Country Hill to amend the scheduling order with respect to dispositive motions (Doc. 178) is denied as moot.

IT IS FURTHER ORDERED that reference of this case to the magistrate judge is withdrawn.

IT IS SO ORDERED.