CATSKILL MOUNTAINS CHAPTER OF TROUT UNLIMITED INC.; Theodore Gordon Flyfishers, Inc; Catskill–Delaware Natural Water Alliance Inc.; and Riverkeeper, Inc., Plaintiffs,

v.

CITY OF NEW YORK; New York City Department of Environmental Protection; and Joel A. Miele, Sr., Commissioner of Department of Environmental Protection, Defendants and Third–Party Plaintiffs,

v.

State of New York; New York State Department of Environmental Conservation; and Erin M. Crotty, as Commissioner of the New York State Department of Environmental Conservation, Third–Party Defendants and Counter–Claimants.

No. 00–CV–511(FJS/RFT).

United States District Court, N.D. New York.

June 27, 2002.

Pace Environmental Litigation Clinic, White Plains, New York City (Karl S. Coplan, of counsel), for plaintiffs.

New York City Law Department, New York City (Hilary M. Meltzer, of counsel), for defendants.

Hon. Eliot Spitzer, Attorney General for the State of New York, Albany, New York (James M. Tierney, Assistant Attorney

General, of counsel), for State of New York.

## MEMORANDUM–DECISION AND ORDER

TREECE, United States Magistrate Judge.

Presently pending is a motion by Plaintiffs to strike the third-party complaint filed and served by defendants City of New York and New York City Department of Environmental Protection (collectively referred to as the "City Defendants"). Docket Nos. 54–56. The City opposes the motion. Docket Nos. 63 & 64.[1] Also pending is a motion by the State Defendants to realign the parties. Docket Nos. 59 & 60. By letter dated June 19, 2002, Plaintiffs informed the Court that it does not oppose the motion to realign the parties. Docket No. 73.[2] For the reasons that follow, Plaintiffs motion is granted and the State Defendant's motion is denied.

## I. BACKGROUND

Plaintiffs brought this action as a citizen suit pursuant to the Clean Water Act ("CWA"), 33 U.S.C. § 1365, seeking to enjoin Defendants from polluting the Esopus Creek, a world-class trout stream, with highly turbid, muddy water from the Shandaken Tunnel, and for civil penalties for past violations. By order dated June 4, 2002, Chief U.S. District Judge Frederick J. Scullin, Jr. granted partial summary judgment for Plaintiffs on the issue of liability. Docket No. 66. Therefore, the only issues remaining are what, if any, penalties and/or injunctive relief should be granted to Plaintiffs. Judge Scullin also directed the parties to contact the undersigned to discuss how this action can be expedited to ensure that a trial on the issue of damages can be scheduled as soon as possible. *Id.* at pp. 3–4. On June 18 and 19, 2002, a telephonic conference call was held with all the parties and the Court. Following the conference, the discovery and trial ready deadlines were set for October 15, 2002, with no further extensions. Docket No. 74.

Still pending, is the City Defendants' third-party complaint seeks indemnification and contribution from the State Defendants for any penalties imposed by the Court. The third-party complaint also seeks declaratory relief stating that the State's release requirements are preempted by the CWA.[3]

## II. MOTION TO STRIKE

### A. Procedure for Filing a Third-Party Complaint

Initially, Plaintiffs contend that the third-party complaint should be stricken because the City Defendants failed to seek leave to file the complaint by way of motion as required by Fed.R.Civ.P. 14(a). Fed.R.Civ.P. 14(a) requires a proposed third-party plaintiff to seek leave by mo-

---

**1.** By letter dated May 30, 2002, third-party defendants, the State of New York, New York State Department of Environmental Conservation and Erin Crotty (collectively referred to as the "State Defendants"), informed the Court that it does not oppose Plaintiffs motion, but that if the motion to strike is granted, the State Defendants will move to intervene as a third-party plaintiff. Docket No. 62.

**2.** In their memorandum of law in opposition to Plaintiffs motion to strike the third-party complaint, the City Defendants seek in the alternative that the State Defendants be realigned as plaintiffs. This argument will be considered in conjunction with the State Defendants motion.

**3.** Apparently, the State Defendants require the City Defendants to discharge enough water from the Shandaken Tunnel into the Esopus Creek to ensure that the Esopus Creek maintains a minimum flow of 160 million gallons per day. *See* City Def.Mem. of Law (Docket No. 64), p. 8.

tion to file and serve a third-party complaint after ten days have elapsed since the filing of the original answer. Here, the Pre–Trial Scheduling Order also required a motion for joinder of a party, including impleader, to be filed and served on or before April 30, 2002. Docket No. 39. The City Defendants filed and served a third-party complaint on April 30, 2002, without first seeking leave of court. Docket No. 43. The City Defendants, however, did not seek leave by motion upon verbal assurances from this Court that a motion was not required. Therefore, the motion to strike the third-party complaint should not be granted on this ground. Nonetheless, fairness to Plaintiffs dictates that the standard that would have applied if the City Defendants had sought leave by motion to file the third-party complaint be utilized here.

Impleader should be freely granted "unless to do so would prejudice the plaintiff [and the third-party defendant], unduly complicate the trial, or would foster an obviously unmeritorious claim." *Fashion–in–Prints, Inc. v. Salon, Marrow & Dyckman, L.L.P.,* 97 CIV 340, 1999 WL 500149, at *6 (S.D.N.Y. July 15, 1999) (citation omitted). Courts should also consider "whether the movant deliberately delayed or was derelict in filing the motion...." *Id.* Finally, the Second Circuit has held that Rule 14(a) requires "that the impleader action must be dependent on, or derivative of, the main ... claim." *Bank of India v. Trendi Sportswear, Inc.,* 239 F.3d 428, 437–38 (2d Cir.2000).[4]

## B. Indemnification and Contribution

■ The City Defendants seek indemnification and contribution from the State Defendants for any penalties imposed by the Court. In order for the City Defendants to assert their claims for indemnification and contribution, they must have a viable claim under the CWA against the State Defendants and the State Defendants must in turn share the City Defendants' liability to the Plaintiffs. *See National Union Fire Ins. Co. of Pittsburgh, PA. v. F.D.I.C.,* 887 F.Supp. 262, 264 (D.Kan.1995) (citation omitted); *see also Patten v. Knutzen,* 646 F.Supp. 427, 429 (D.Colo.1986). The City Defendants are strictly liable to the Plaintiffs for violation of the CWA. *See* Order (Docket No. 66), p. 2 (citing *Connecticut Fund for the Env't Inc. v. Upjohn Co.,* 660 F.Supp. 1397, 1409 (D.Conn.1987)). The City Defendants contend that since state regulations require the release of water from the Shandaken Tunnel, the State Defendants may be liable for some or all of the penalties incurred by the City Defendants. The Second Circuit, however, has held that the citizen suit provisions of the CWA do not abrogate state sovereign immunity. *See Burnette v. Carothers,* 192 F.3d 52, 57 (2d Cir.1999). Since the State Defendants cannot be held liable under the CWA for monetary damages, the City Defendants do not have a viable claim for indemnification and contribution under the CWA.

■ Accordingly, Plaintiffs motion to strike the third-party complaint's claims

4. The City Defendants quote from a footnote in a decision by U.S. District Judge Neal P. McCurn for the proposition that Rule 14(a) is satisfied if a third-party claim "involves related matters or arises out of the same transaction or core of facts as the plaintiff's claim." *Farmers Prod. Credit Ass'n. of Oneonta v. Whiteman,* 100 F.R.D. 310, 312 n. 1 (N.D.N.Y. 1983). While Judge McCurn decision refers to a line of cases that stand for this proposition, the City Defendants failed to quote from the rest of the footnote in which Judge McCurn rejects this line of cases. Furthermore, this line of cases pre-date the Second Circuit's decision requiring the third-party complaint to be dependent on the main action. Accordingly, the standard proposed by the City Defendants is rejected.

for indemnification and contribution is granted.[5]

### C. Preemption Claim

The City Defendants' third-party complaint also seeks declaratory judgment stating that the state release requirements are preempted by the CWA and the Supremacy Clause. However, whether the state release requirements are preempted by the CWA and the Supremacy Clause is irrelevant to the issue of liability, which has already been determined by the Court. Further, it may be relevant that the City Defendants violated the CWA because of state regulations in determining what, if any, penalties should be imposed. Nonetheless, what penalties should be imposed because the City Defendants were acting at the direction of the State Defendants' is not dependent on, or derivative of, the Plaintiffs action against the City Defendants. Any relevant information the State Defendants could provide on the remaining issue of relief can be presented through affidavits and/or testimony at trial. Finally, any declaratory relief regarding preemption is only relevant to the state law claims the State Defendants asserted in their answer to the third-party complaint. Therefore, the City Defendants' claim for declaratory relief does not satisfy the standard of Rule 14(a).

Accordingly, Plaintiffs' motion to strike the third-party complaint's claim for declaratory relief is granted.

### III. MOTION TO REALIGN THE PARTIES

The State Defendants moved to realign the parties to have them named as plaintiffs in this action. Since the motion to strike the third-party complaint has been granted, the State Defendants' motion is denied as moot. This Court did consider whether the State Defendants' motion could be construed as a motion to intervene. However, the motion papers did not adequately address such issue. Indeed, during a telephonic conference call between the parties and the Court, counsel for the State Defendants conceded that he had not yet made a proper showing for intervention.

Accordingly, the motion to realign the parties is denied as moot.

**WHEREFORE,** it is hereby

**ORDERED** that Plaintiffs' motion to strike the third-party complaint is **GRANTED;** and it is

**ORDERED** that the motion to realign the parties is **DENIED.**

**IT IS SO ORDERED.**

---

**5.** Eleventh Amendment immunity does not extend to claims against state officials in their official capacity seeking declaratory relief. *See Fiedler v. State of New York,* 925 F.Supp. 136, 137 (N.D.N.Y.1996) (McAvoy, C.J.) (citing *Ex parte Young,* 209 U.S. 123, 157, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). Accordingly, the City Defendants' claim for declaratory relief is not addressed under Eleventh Amendment immunity grounds.