BRIDGES, P.J.,
for the Court.
PROCEDURAL HISTORY
¶ 1. On November 22, 1999, Andres and Linda Johnson sued Bay City South Mortgage Corporation (Bay City), Robert Blake, and WMC Mortgage Corporation (WMC) in the First Judicial District of the Hinds County Circuit Court. By their complaint, the Johnsons asserted various claims of fraud predicated on an alleged misrepresentation in the form of a promise given by Robert Blake regarding the refinancing of the Johnsons’ home. Additionally, the Johnsons’ complaint alleged that Blake and Bay City were agents of WMC. On September 6, 2002, WMC filed a mo *890 tion for summary judgment. On February 10, 2003, the circuit court granted WMC’s motion for summary judgment.
¶ 2. On January 5-6, 2004, the circuit court conducted a trial on the Johnsons’ remaining claims against Blake and Bay City. After the Johnsons’ case-in-chief, Blake and Bay City presented an ore tenus motion for directed verdict. The circuit court granted Blake’s motion and entered judgment accordingly. Aggrieved, the Johnsons appeal and raise three issues for review, listed verbatim:
A. Whether the trial court erred in granting a directed verdict in favor of Appellees Robert Blake and Bay City South Mortgage Company at the trial of this matter.
B. Whether the trial court erred in granting summary judgment in favor of Appellee WMC Mortgage Corporation after concluding that no agency relationship existed between WMC Mortgage Corporation and Bay City South Mortgage Company as a matter of law.
C. Whether the trial court abused its discretion in excluding from evidence at trial the deposition testimony of Diane Senechal, the corporate representative of WMC Mortgage Corporation.
Finding no error, we affirm.
FACTS
¶ 3. During February of 1998, Andres Johnson sought to refinance the mortgage on the home located in Jackson, Mississippi. Andres took his request to Bay City Mortgage. Robert Blake, the owner and operator of Bay City, assisted Andres. According to the Johnsons’ version of events, they wanted a fixed-rate mortgage, rather than an adjustable-rate mortgage. Blake informed the Johnsons that they were not eligible for a fixed-rate mortgage at the time, but after two years, they could refinance again at a lower fixed rate, provided they did nothing to damage their credit. The Johnsons applied for the loans and Blake, through Bay City, reviewed the loan rates and options of many lenders and settled on a recommendation to the John-sons that they borrow their primary adjustable-rate loan through WMC.
¶ 4. After approval, but shortly before closing, the Johnsons approached Blake and requested a written guarantee that Blake could make or find them a lower fixed-rate loan at the end of the two-year period. Blake responded and wrote a letter to the Johnsons. By that letter, Blake stated:
[t]his is my written guarantee that 24 months from the time you close I will refinance your mortgage down to a lower rate fixed PROVIDED: you have made all your Mortgage payments on time as well as all other installment and revolving debt. Also, there can be no charge-offs or judgements [sic].
¶ 5. The Johnsons closed their loans in February of 1998. They acquired one thirty-year adjustable-rate loan for $43,200 with an initial interest rate of 10.25%, fixed for the first two years. Additionally, they acquired a second ten-year loan for $10,800, with a fixed interest rate of 13.99%.
¶ 6. After the Johnsons made twenty-one payments on their mortgage, Andres contacted Blake concerning his desire to refinance again, but at a lower rate. From this point, the Johnsons version of events differs from Blake’s version. Andres testified that he met with Blake. Further, Andres testified that, during that meeting, Blake told him that he would have to have 15% of the mortgage paid down before Blake would even consider refinancing, *891 since it would cost $6,000 to refinance the mortgage.
¶ 7. In contrast, Blake testified that Andres called him, but did not meet with him. Blake also testified that he told Andres that Andres could obtain a refinanced mortgage at a lower fixed rate if Andres complied with the provisions of Blake’s letter. Further, Blake testified that refinancing would have cost approximately $500, instead of $6,000.
¶ 8. In November of 1999, the Johnsons stopped making their mortgage payments to WMC and filed their complaint. At trial, Andres testified that “[Blake] was speaking as a mouthpiece from my point of view for WMC, so I didn’t have to pay nobody no more money when I found out I was defrauded.” In August of 2000, WMC foreclosed on the Johnsons’ home. As a result, the Johnsons initiated the present action.
¶ 9. As mentioned, the circuit court granted a directed verdict for Blake and Bay City and granted summary judgment for WMC. The Johnsons appeal and claim the circuit court erred in both decisions. Additionally, the Johnsons claim the circuit court improperly excluded evidence at trial. We address their claims in turn.
ANALYSIS
A. Whether the trial court erred in granting a directed verdict in favor of Appellees Robert Blake and Bay City South Mortgage Company at the trial of this matter.
¶ 10. The Johnsons sued Blake and Bay City under various allegations of fraud. Various allegations notwithstanding, those allegations all centered on the notion that Blake and Bay City engaged in fraud to induce the Johnsons to procure the refinanced mortgages. As mentioned, the circuit court disposed of the Johnsons’ fraud claims when it' granted Blake and Bay City’s motion for directed verdict.
¶ 11. In their first issue, the Johnsons claim the circuit court erred when it granted Blake and Bay City’s motion for directed verdict. The decision to grant a motion for directed verdict pursuant to Rule 50 of the Mississippi Rules of Civil Procedure is a question of law. Fox v. Smith, 594 So.2d 596, 603 (Miss.1992). When a party makes a motion for directed verdict, the circuit court must consider all of the evidence in the light most favorable to the nonmoving party. Id. In considering the evidence and all reasonable inferences, the circuit court must determine whether a reasonable juror could find for the non-moving party. Id. A directed verdict is not proper if questions of fact are raised in the proof at trial. Id. “It is fundamental in our jurisprudence that questions of fact are for a jury; questions of law are for the court.” Id.
¶ 12. When reviewing a circuit court’s decision regarding the sufficiency of the evidence, we must examine all of the evidence, not just evidence supporting the non-movant’s case, in the light most favorable to the non-moving party. Harrison v. McMillan, 828 So.2d 756(¶ 22) (Miss.2002). We are authorized to affirm if the evidence is such that reasonable and fair-minded jurors could not have found Blake and Bay City liable for fraud. See Edwards v. State, 797 So.2d 1049(¶ 14) (Miss.Ct.App.2001).
¶ 13. To demonstrate a prima facie case of fraud, the Johnsons must demonstrate, by clear and convincing evidence, that Blake and Bay City made (1) a representation (2) that is false (3) and material (4) that Blake and Bay City knew was false or was ignorant of the truth (5) combined with the Blake and Bay City’s intent that the Johnsons act on the representa *892 tion in a manner reasonably contemplated (6) combined with the Johnsons’ ignorance of the statement’s falsity (7) and the John-sons’ reliance on the statement as true (8) with a right to rely on the statement, and (9) the Johnsons’ proximate injury as a consequence. Southeastern Med. Supply, Inc. v. Boyles, Moak, and Brickell Ins., Inc., 822 So.2d 323(¶ 39) (Miss.Ct.App.2002) (citations omitted).
¶ 14. Clear and convincing evidence is:
that weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case.
Travelhost, Inc. v. Blandford, 68 F.3d 958, 960 (5th Cir.1995) (citations omitted). Clear and convincing evidence is such a high standard that even the overwhelming weight of the evidence does not rise to the same level. In Interest of C.B., 574 So.2d 1369, 1375 (Miss.1990).
¶ 15. Clearly, a promise to obtain a refinanced mortgage two years into the future is a promissory statement. As a matter of law, fraud cannot be predicated on promissory statements. Salitan v. Horn, 212 Miss. 794, 55 So.2d 444, 446 (Miss.1951). However, fraud can be predicated on a promissory statement where the promise is made with the present undisclosed intention not to perform the promise. Kidd v. Kidd, 210 Miss. 465, 49 So.2d 824, 827 (Miss.1951).
¶ 16. According to the Johnsons, Blake had no intention to act upon his guarantee to refinance their loan as a fixed-rate mortgage. However, even in the light most favorable to the Johnsons, the Johnsons presented no evidence that Blake promised to obtain a lower fixed-rate mortgage but never intended to fulfill that promise. The evidence demonstrates that Blake made a conditional promise because the Johnsons’ credit record disqualified their eligibility for the fixed-rate mortgage at the time they refinanced.
¶ 17. By that condition precedent, the Johnsons had to make timely mortgage payments on their existing loan for twenty-four consecutive months. According to Blake, that condition was necessary so that when the Johnsons prepared to refinance, their credit would be sufficient to qualify for a lower fixed-rate mortgage. The Johnsons violated that condition when they failed to make payments after their twenty-first payment. Blake could not acquire the fixed-rate mortgage the Johnsons sought because the Johnsons failed to make their last three mortgage payments and damaged their credit record. Blake did promise to help the Johnsons refinance if the Johnsons kept their adjustable-rate mortgage payments current and improved their credit record. The condition would ensure that the Johnsons would be eligible for a fixed-rate mortgage. What is more, the Johnsons claim Blake did not intend to perform according to his promise, but the letter itself contains a promise and guarantee that Blake would obtain a lower fixed-rate loan for the Johnsons. The circuit court correctly granted Blake’s motion for directed verdict. We affirm the circuit court’s decision.
B. Whether the trial court erred in granting summary judgment in favor of Appellee WMC Mortgage Corporation after concluding that no agency relationship existed between WMC Mortgage Corporation and Bay City South Mortgage Company as a matter of law.
¶ 18. Blake, the sole proprietor of Bay City, is a mortgage broker. Blake did *893 not actually finance the Johnsons’ refinanced adjusted-rate mortgage. WMC financed the Johnsons’ adjusted-rate mortgage. The Johnsons alleged that Blake acted as WMC’s agent. Consequently, the Johnsons sued WMC as well. As mentioned, WMC filed a motion for summary judgment and the circuit court granted that motion on February 11, 2003. On appeal, the Johnsons claim the circuit court erred when it granted WMC’s motion for summary judgment.
¶ 19. The Johnsons filed their first notice of appeal on February 6, 2004. Their notice of appeal states that the Johnsons “appeal to the Supreme Court of Mississippi against BAY CITY SOUTH MORTGAGE COMPANY and ROBERT BLAKE from the Judgment of Directed Verdict entered in this case on January 12, 2004.” The Johnsons’ notice of appeal contains no mention of WMC or summary judgment in WMC’s favor. However, the Johnsons filed a second notice of appeal on May 27, 2004. In their second notice of appeal, the Johnsons included WMC as a party. The second notice of appeal, unlike the first, did reference WMC’s successful motion for summary judgment.
¶ 20. An appellant must file a notice of appeal within thirty days after the date of entry of the judgment appealed from. M.R.A.P. 4(a). The circuit court granted WMC’s motion for summary judgment on February 11, 2003. The Johnsons filed their first notice of appeal on February 6, 2004, and their second notice of appeal on May 27, 2004. Both notices of appeal, as they apply to WMC, are untimely. “An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5.” M.R.A.P. 2(a)(1). Accordingly, we dismiss the Johnsons’ appeal, as it applies to WMC.
C. Whether the trial court abused its discretion in excluding from evidence at trial the deposition testimony of Diane Senechal, the corporate representative of WMC Mortgage Corporation.
¶ 21. At trial, the Johnsons attempted to introduce portions of the deposition of Diane Senechal, a management representative of WMC Mortgage Corporation. Paraphrasing, Senechal’s deposition testimony indicated that Blake’s guarantee letter was against industry standards and that Blake could not have foreseen the relevant market conditions two years into the future when Blake made his guarantee. Senechal’s office was in California, and she had no personal or direct dealings with the Johnsons, Blake, or Bay City. Still, the Johnsons argued that the jury should hear Sene-chal’s deposition testimony because:
Ms. Senechal testified that she had reviewed the allegations of the complaint, she reviewed the documents, she reviewed the letter, and that this was an atypical situation, that there was no way Mr. Blake could make this guarantee, that he should have disclosed to the plaintiffs that they needed additional money to put up front, and that this was something that was bad judgment on the part of Mr. Blake.
The trial judge refused to allow Senechal’s deposition testimony because it was irrelevant to the issues in the case, and even if the testimony were relevant, the danger of unfair prejudice, confusion of the issues, and misleading the jury outweighed the testimony’s probative value. Further, the trial judge held that Senechal’s testimony constituted expert testimony, but the Johnsons provided no notice of expert testimony.
¶ 22. The admission or suppression of evidence is within the discre *894 tion of the trial judge and will not be reversed absent an abuse of that discretion. General Motors Corp. v. Jackson, 636 So.2d 310, 314 (Miss.1992). Unless the trial judge abuses his discretion so as to cause prejudice to the complaining party, the decision regarding the evidence will not be reversed. Foster v. Noel, 715 So.2d 174(¶ 44) (Miss.1998).
¶ 23. Rule 401 of the Mississippi Rules of Evidence defines “relevant evidence.” According to Rule 401, relevant evidence “means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” M.R.E. 401.
¶ 24. We can find no abuse of discretion on the part of the trial judge. The John-sons alleged that Blake fraudulently promised to obtain a lower fixed-rate mortgage for them, while Blake never intended to perform according to his guarantee. Sen-echal’s deposition testimony does not tend to make any fact of consequence to the Johnsons’s fraud claim more or less probable. Senechal had no direct dealings with Blake and could not testify as to his intent. She could only testify that Blake used bad judgment by giving the Johnsons an “atypical” guarantee. Senechal’s testimony was irrelevant to the issues then before the circuit court. Irrelevant evidence is inadmissible. M.R.E. 402. Thus, the trial judge did not err when he suppressed Senechal’s deposition testimony from the evidence. We affirm the trial judge’s decision.
¶ 25. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE. P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.